UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RACHEL BABBITT,

                               Plaintiff,

                -against-

KOEPPEL NISSAN, INC., MARK C. LACHER,
Individually, and NELSON ONOFRE, Individually,

                             Defendants.
------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff DEMANDS
A TRIAL BY JURY

Plaintiff, RACHEL BABBITT, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant(s), upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** and **terminated** on the basis of her **sex/gender (female)**.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on September 17, 2018 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. Plaintiff is a thirty-one (31) year old female.

9. Defendant KOEPPEL NISSAN, INC. ("KOEPPEL") is domestic business corporation operating in and existing under the laws of the State of New York.

10. Defendant MARK C. LACHER ("LACHER") is the Chief Executive Officer of Defendant KOEPPEL.

11. Defendant LACHER was Plaintiff's supervisor and had supervisory authority over Plaintiff.

12. Defendant NELSON ONOFRE ("ONOFRE") is Defendant KOEPPEL's Pre-Owned Director.

13. Defendant LACHER and Defendant ONOFRE are collectively referred to herein as "Individual Defendants."

14. Individual Defendants and Defendant KOEPPEL are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15. In or around August 2017 Plaintiff began working for Defendants as a Finance Manager, earning approximately $15,000 per month.

16. In or around September 2017 Plaintiff met Defendant ONOFRE. Defendant ONOFRE almost immediately told Plaintiff he was Defendant LACHER's "right-hand man" and claimed to be "an important person to have on your side."

17. That same day, Defendant ONOFRE said to Plaintiff "wow, I've never had a red-headed white girl like you before." Plaintiff was concerned that Defendant ONOFRE would make such a crude comment so soon after meeting her and feared that there would be more to come.

18. Unfortunately, Plaintiff's worries that Defendant ONOFRE would be continue to be sexually inappropriate with her proved prescient. Defendant ONOFRE regularly made unwelcome sexual advances on Plaintiff. For example, Defendant ONOFRE repeatedly:

- Openly stared at Plaintiff up and down, "checking out" her body.
- Told Plaintiff "there is something about you" and that he knew being with her on a sexual level "would be amazing."
- Entered Plaintiff's office, grabbed and kissed her hand, and then placed her hand on his forehead. He would then force Plaintiff to stand and spin her around so he could look at her body.
- Slid Plaintiff's chair back if Plaintiff wore a skirt or dress so he could leer at her legs.
- Made sexual moaning sounds while walking behind Plaintiff.
- Told Plaintiff "your ass is amazing."
- Entered Plaintiff's office singing "you are so beautiful, to me."
- Said "let me stop myself, the things I would do to you" while moaning and grunting sexually, and then bit his finger.

19. Plaintiff was afraid to complain about Defendant ONOFRE's unwanted and untoward sexual advances because Defendant LACHER and Melissa Drapala, Defendant KOEPPEL's Human Resources Manager, were close friends with Defendant ONOFRE. As such, Plaintiff was worried that if she complained about the sexual harassment Defendants would retaliate against her and even terminate her employment.

20. In or around November 2017, Defendant ONOFRE said to Plaintiff that he kept thinking about her while he had been out with friends and that he had told his friends both what Plaintiff looks like and that he knew Plaintiff would be "great in bed."

21. In or around the 2017 holiday season, Defendant ONOFRE told Plaintiff that he wanted to take Plaintiff out for drinks and to then get a hotel room. Defendant ONOFRE continued

> Sometimes you just have a connection with someone . . . **we would have sex everywhere. Start in the bar having drinks, then go in the bathroom and have sex there, have sex in the car, get a room and have sex in the room, on the balcony, then go to another room and have sex all night.**

22. In or around early February 2018, Defendant ONOFRE came into Plaintiff's office and said:

> I was thinking about you the other night. **I had such fantasies that I had to pull the car over. I was thinking about** you in my passenger seat with a skirt on, **lifting up your skirt** then putting your feet on my shoulders.

23. In or around late February 2018, Defendant ONOFRE expounded upon the sexual prolictivities of women in their twenties and women in their thirties, telling Plaintiff

> most girls in their twenties aren't good; they just lay there. Some are good, I'm sure you were when you were younger because you're more mature. But women in their thirties are the best. **Your pussy is in her prime right now.**

24. Plaintiff frequently objected to these unwanted and inappropriate sexual advances. For example, she on several occasions told Plaintiff "you can't say things like that." However,

4

Defendant ONOFRE would simply respond with statements such as: "**It's between you and me**; you know I like you" and "**I know your kind**. You can hang."

25. Upon information and belief, on or about March 6, 2018 Fabio Gomez, one of Plaintiff's former coworkers, informed Defendant LACHER that Defendant ONOFRE was sexually harassing Plaintiff.

26. Approximately two hours later, Plaintiff was summoned to a meeting with Defendant LACHER, Drapala, and Luis Velerio, Defendant KOEPELL's Finance Director. Defendant LACHER terminated Plaintiff's employment off the bat, citing "paperwork," "customer handling," and "compliance" as the basis for terminating Plaintiff but provided no documentation.

27. Plaintiff commented to Defendant LACHER that this was "interesting timing," given that Mr. Gomez had informed Defendant LACHER that Defendant ONOFRE was sexually harassing Plaintiff a mere two hours earlier. Plaintiff also asked Defendant LACHER to elaborate on why he was terminating her employment. Defendant LACHER stated there were paperwork issues and "a lot of other stuff too which we're looking at now" but did not describe any specific instances of mistakes made by Plaintiff.

28. Defendants' stated basis for terminating Plaintiff is clearly pretextual for a number of reasons. First, Defendant LACHER terminated Plaintiff's employment merely two hours after learning that his friend, Defendant ONOFRE, was sexually harassing Plaintiff. Second, Defendant LACHER insinuated that Defendants' rationale for terminating Plaintiff's employment was still evolving. Third, Plaintiff had never received any documented warnings related to her performance. Fourth, and no documentary evidence or specific details of her alleged mistakes was presented.

29. Upon information and belief Defendant KOEPPEL has an anti-discrimination and policy in place, which alleges that Defendant KOEPPEL has a zero-tolerance policy for discrimination in the workplace.

30. Defendant KOEPPEL ignored its own policies and procedures to the detriment of Plaintiff.

31. Defendant KOEPPEL knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

32. Defendant LACHER knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

33. Defendant ONOFRE's sexually harassing and discriminatory conduct caused Plaintiff extreme stress and anxiety.

34. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly discriminatory termination.

35. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform her job.

36. The above are just some of the ways Defendants regularly and continually harassed and discriminated against Plaintiff while employing her.

37. Defendants treated Plaintiff this way solely due to her gender (female).

38. Defendants' acted intentionally and intended to harm Plaintiff.

39. Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

40. Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

6

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

42. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, stress, anxiety, and other non-pecuniary losses.

43. Defendants' acted maliciously, willfully, outrageously, and with full knowledge of the law.

44. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.*, for relief based upon the unlawful employment practices of Defendant KOEPPEL. Plaintiff complains of Defendant KOEPPEL's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

47. Defendant KOEPPEL violated the sections cited herein as set forth.

48. Plaintiff is entitled to the maximum amount allowed under this statute.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

51. Defendants violated the section cited herein as set forth.

52. Plaintiff is entitled to the maximum amount allowed under this ordinance.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

55. Individual Defendants violated the section cited herein as set forth.

56. Plaintiff is entitled to the maximum amount allowed under this ordinance.

8

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## VICARIOUS LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

59. Defendant KOEPPEL violated the section cited herein as set forth.

60. Plaintiff is entitled to the maximum amount allowed under this ordinance.

### JURY DEMAND

61. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*; the New York State Human Rights Law, New York State Executive Law § 296, *et seq.*; and the New York City Administrative Code, § 8-107, *et seq.*, in that Defendants discriminated against Plaintiff based on her sex/gender and retaliated against Plaintiff for complaining of discrimination and wrongfully terminating Plaintiff;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain, suffering, and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
September 18, 2018

**Phillips & Associates, PLLC**

By: *[signature]*
Jessenia Maldonado, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
jmaldonado@tpglaws.com

10

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Rachel Babbit<br>200 East 72nd St., Apt 5J<br>New York, NY 10021 | From: New York District Office<br>33 Whitehall St., 5th Fl.<br>New York, NY 10004 |

RECEIVED SEP 17 2018

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-03768 | Charles K. Diamond, Investigator | (212) 336-3771 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

9/13/2018
(Date Mailed)

Enclosures(s)

cc: Human Resources Director
KOEPPEL NISSAN, INC.
74-15 Northern Blvd
Jackson Heights, NY 11372

Jessenia Maldonado, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006