UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.: 18-cv-5242 (NGG) (CLP)
RACHEL BABBITT,

                               Plaintiff,

      -against-

KOEPPEL NISSAN, INC., MARK C. LACHER,
Individually, AND NELSON ONOFRE, Individually,

                             Defendants.
------------------------------------------------------------------X

## Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendants' Counterclaims

**Date of Service: August 9, 2019**

                              **PHILLIPS & ASSOCIATES,**
                              **ATTORNEYS AT LAW, PLLC**

             By:    H. Joseph Cronen
                    *Attorneys for Plaintiff*
                    45 Broadway, Suite 620
                    New York, New York 10006
                    (212) 248-7431
                    jcronen@tpglaws.com


Case 1:18-cv-05242-NGG-CLP   Document 47-1   Filed 09/18/19   Page 2 of 19 PageID #: 310

# Table of Contents

**Table of Contents** _____ i

**Table of Authorities** _____ ii

**Preliminary Statement** _____ 1

**Relevant Procedural Posture** _____ 2

**Argument** _____ 3

    I.  Defendants' compulsory counterclaims must be dismissed under Rule 13(a)(1). _____ 3

    II. Defendants' compulsory counterclaims must be dismissed under Rule 9(b) and Rule 12(b)(6). _____ 5

      A.  Rule 9(b) Legal Standard _____ 5

      B.  Rule 12(b)(6) Legal Standard _____ 5

      C.  This Court must dismiss Defendants' compulsory counterclaims as they are based in fraud and lack the specificity Rule 9(b) demands and because Defendants fail to state claims upon which relief can be granted under Rule 12(b)(6). _____ 6

          1.  Faithless Servant Doctrine _____ 7

          2.  Breach of Fiduciary Duty _____ 8

          3.  Breach of the Duty of Loyalty _____ 9

          4.  Tortious Interference with Business Relations _____ 10

          5.  Unjust Enrichment _____ 11

**Conclusion** _____ 14

# Table of Authorities

*Cases*

*Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40 (1st Dep't 2009) ............ 10

*Armored Grp., L.L.C. v. Homeland Sec. Strategies, Inc.*, 2009 U.S. Dist. LEXIS 61006
  (S.D.N.Y. 2009) ............ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............ 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............ 5, 6

*Betz v. Blatt*, 160 A.D.3d 696 (2d Dep't 2018) ............ 11

*Bravin v. Fashion Week, Inc.*, 73 Misc. 2d 974 (Civ. Ct. Suffolk Cty. 1973) ............ 8

*Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73 (2d Cir. 2010) ............ 7

*Carvel Corp. v. Noonan*, 3 N.Y.3d 182 (2004) ............ 10

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012) ............ 11, 12, 13

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697 (2d Cir. 2000) ............ 3

*Farricker v. Penson Dev., Inc.*, 2010 U.S. Dist. LEXIS 20918 (S.D.N.Y. 2010) ............ 9

*Ginther v. Provident Life & Cas. Ins. Co.*, 350 F. App'x 494 (2d Cir. 2009) ............ 3

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008) ............ 5

*JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514 (S.D.N.Y. 2013) ............ 11

*KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359 (S.D.N.Y. 2014) ............... 9

*Kirby McInerney & Squire, LLP v. Hall Charne Burce & Olson, S.C.*, 15 A.D.3d 233 (2005)   12

*Learning Annex Holdings, L.L.C. v. Whitney Educ. Grp., Inc.*, 765 F. Supp. 2d 403 (S.D.N.Y. 2011) ............... 10

*Markwica v. Davis*, 64 N.Y.2d 38 (1984) ............... 12

*Morrow v. MVP Health Plan*, 307 A.D.2d 627 (3d Dep't 2003) ............... 9

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003) ............... 7

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ............... 5

*Ross v. Bolton*, 904 F.2d 819 (2d Cir. 1990) ............... 5

*Rsa Distribs. v. Contract Furniture Sales*, 248 A.D.2d 370 (2d Dep't 1998) ............... 9

*Samsung Display Co. v. Acacia Research Corp.*, 2014 U.S. Dist. LEXIS 167569 (S.D.N.Y. 2014) ............... 11

*Sanders v. Madison Square Garden, L.P.*, 2007 U.S. Dist. LEXIS 48126 (S.D.N.Y. 2007) ............... 7

*Schwartz v. Leonard*, 138 A.D.2d 692 (2d Dep't 1988) ............... 7

*Semple v. Eyeblaster, Inc.*, 2009 U.S. Dist. LEXIS 76868 (S.D.N.Y. 2009) ............... 11

*Sgaliordich v. Lloyd's Asset Mgmt.*, 2012 U.S. Dist. LEXIS 135045 (E.D.N.Y. 2012) ............... 8

*Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269 (E.D.N.Y. 2010) ............... 8

*Sundland v. Korfund Co.*, 260 A.D. 80 (1st Dep't 1940) _____ 8

*Travelsavers Enters., Inc. v. Analog Analytics, Inc.*, 149 A.D.3d 1003 (2d Dep't 2017) _____ 11

*United States ex rel. Ladas v. Exelis, Inc.,* 824 F.3d 16 (2d Cir. 2016) _____ 5

*Veritas Capital Management L.L.C. v. Campbell*, 875 N.Y.S.2d 824 (N.Y. Sup. Ct. 2008) ____ 9

**Rules**

Fed. R. Civ. P. 9(b) _____ 1, 5

Fed. R. Civ. P. 12(b)(6)_____ 5

Fed. R. Civ. P. 13(a)(1)_____ 1, 3, 4

## **Preliminary Statement**

Defendants have filed five counterclaims against Plaintiff in this employment-discrimination action. Plaintiff now moves this Court to dismiss each of Defendants' counterclaims on three separate grounds. First, the counterclaims are compulsory because they spring from the exact same facts as Plaintiff's complaint and form the basis for much of Defendants' defenses. As such, they violate Rule 13(a), under which responsive pleadings must state counterclaims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Defendants filed their compulsory counterclaims 8 ½ months after Plaintiff filed her complaint—despite already possessing the information upon which their counterclaims are based and even though their compulsory counterclaims are based on some of the exact same facts they intend to marshal in their defense.

Second, this Court must dismiss Defendants' compulsory counterclaims pursuant to Rule 12(b)(6). Third, by alleging that Plaintiff engaged in fraudulent activity but failing to detail how, Defendants have run afoul of Rule 9(b). Rule 9(b) mandates that a "party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Despite liberally peppering their compulsory counterclaims with allegations of fraudulent conduct—and using variants of the word "fraud" no fewer than 4 times—Defendants do not provide any level of specificity as to the frauds they allege. *See* Ex. I, ¶¶116, 120, 139, 144. Indeed, Defendants even make one of their key allegations upon information and belief, pleading "upon information and belief, Babbitt intentionally stole a portion of a customer's down payment on at least one occasion causing Koeppel to have to reimburse the customer." *Id.*, at ¶122.

**Relevant Procedural Posture**

Plaintiff filed this sex/gender employment-discrimination action on September 18, 2018. Exhibit A; Dkt. No. 1. Defendants interposed an Answer on December 10, 2018. Exhibit B; Dkt. No. 16. Plaintiff alleges that she was sexually harassed and terminated on the basis of her sex/gender. Plaintiff subsequently amended her complaint to include claims for a retaliatory termination due to a complaint of sexual harassment made on Plaintiff's behalf.

On January 23, 2019, the Court issued a Scheduling Order setting deadlines to amend pleadings by March 29, 2019, and to complete fact discovery by July 26, 2019. Exhibit C; Dkt. No. 17. On or about February 1, 2019, Defendants served their Rule 26 (a) Initial Disclosures. Exhibit D. Plaintiff filed an Amended Complaint on March 19, 2019, adding causes of action for retaliation. Exhibit E; Dkt. No. 18. Defendants then filed a Summons and Complaint in Queens County Supreme Court on May 6, 2019, bringing against Plaintiff causes of action for breach fiduciary duty, breach of the duty of loyalty, violation of the faithless-servant doctrine, tortious interference with business relations, and unjust enrichment—notwithstanding the fact that these claims are compulsory counterclaims and necessarily should have been filed with this Court when Defendants filed their Answer on December 10, 2018. Exhibit F.

Plaintiff filed her Second Amended Complaint on May 9, 2019. Exhibit G; Dkt. No. 23. On May 30, 2019, Defendants filed a Notice of Discontinuance with Queens County Supreme Court. Exhibit H. The same day, Defendants filed their Answer to Plaintiff's Second Amended Complaint with Counter-Claims, in which they reasserted as counterclaims the causes of action filed and discontinued in Queens County Supreme Court. Exhibit I; Dkt No. 32.[1]

---

[1] However, Defendants have not amended their Rule 26(a) Initial Disclosures and have thus failed to disclose what damages they are seeking as to those counterclaims.

Plaintiff has not filed an answer to Defendants' counterclaims, electing instead to file the present motion to dismiss.

## Argument

This Court must dismiss Defendants' counterclaims on three distinct grounds. First, Defendants' counterclaims are compulsory under Rule 13. Hence, Defendants were required to bring them when they filed their original Answer on December 10, 2018. Second, this Court must dismiss Defendants' compulsory counterclaims under Rule 12(b)(6) because Defendants fail to state claims upon which relief can granted. Third, these compulsory counterclaims are based in fraud and Defendants have failed to plead them with the specificity that Rule 9(b) demands.

### I. **Defendants' compulsory counterclaims must be dismissed under Rule 13(a)(1).**

This Court must dismiss Defendants' counterclaims because they are compulsory counterclaims that Defendants failed to assert in their original Answer and were instead raised long after the Court's deadline for amending pleadings. Rule 13(a)(1) provides:

> (a) Compulsory Counterclaim.
>
> (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). "A claim is compulsory if 'a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Ginther v. Provident Life & Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009) (quoting *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000)).

3

Here, Plaintiff's causes of action and Defendants' compulsory counterclaims stem from Plaintiff's employment with and termination by Defendants. Moreover, Defendants' defenses and compulsory counterclaims stem from the exact same facts. Defendants claim that they terminated Plaintiff for cause, in part because Plaintiff allegedly committed the acts that form the basis of their compulsory counterclaims. For example, Defendants allege that on February 5, 2018, Plaintiff somehow stole $2,000 from a customers' down payment. Ex. I, ¶122. Yet Defendants clearly suggest in their Answer to Plaintiff's Second Amended Complaint with Counter-Claims that Plaintiff was terminated, in part, because she allegedly stole this money. *See id.*, ¶¶122-23. Defendants were thus clearly aware of the facts surrounding their compulsory counterclaims when they filed their initial Answer. As such they have violated the plain text of Rule 13(a)(1), which states that pleadings "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim." Fed. R. Civ. P. 13(a)(1). Moreover, there obviously is a logical relationship between Plaintiff's causes of action and Defendants' compulsory counterclaims in that they both relate to Plaintiff's employment with and termination by Defendants. Indeed, Defendants' compulsory counterclaims and defenses are two sides of the same coin.

In addition, Defendants filed their compulsory counterclaims almost six months after filing their Answer, four months after this Court issued a Scheduling Order, and two months after the Court-imposed deadline to amend pleadings—thereby flouting this Court's expressed will. Significant discovery has been conducted during this time. It would be prejudicial to Plaintiff, and a waste of the Court's and Plaintiff's time, to set discovery back to square one.

## II. Defendants' compulsory counterclaims must be dismissed under Rule 9(b) and Rule 12(b)(6).

### A. Rule 9(b) Legal Standard

Rule 9(b), titled "fraud or mistake; conditions of mind," states that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The particularity requirement of Rule 9(b) serves to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (internal quotation marks omitted). Second Circuit courts "'recognize and rigorously enforce these salutary purposes of Rule 9(b).'" *United States ex rel. Ladas v. Exelis, Inc.,* 824 F.3d 16, 26 (2d Cir. 2016) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)).

### B. Rule 12(b)(6) Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) is proper when a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly* 550 U.S. 555. Nor does a claim suffice when it merely tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. Thus, a claimant must "provide grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). Allegations that do not "nudge[] [Defendants'] claims across the line from conceivable to plausible" must be dismissed. *Twombly* 550 U.S. 570.

5

### C. This Court must dismiss Defendants' compulsory counterclaims as they are based in fraud and lack the specificity Rule 9(b) demands and because Defendants fail to state claims upon which relief can be granted under Rule 12(b)(6).

Defendants plead five compulsory counterclaims. Each is based on some allegedly fraudulent act. As to breach of fiduciary duty and breach of the duty of loyalty, Defendants allege that "[Plaintiff's] aforesaid conduct of intentionally falsifying credit applications, forging customer's signatures, and stealing from customer's down payments constitutes a breach of" the respective doctrines." Ex. I, ¶¶128, 133. Defendants directly invoke fraud when alleging their compulsory counterclaims under the faithless servant doctrine ("Babbitt's aforesaid conduct of theft, fraud, forgery, and falsification of documents constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine" *id.*, at ¶139) and tortious interference with business relations (Plaintiff "tortiously, intentionally, willfully, maliciously and unjustifiably interfered with Koeppel's business relations by fraudulently falsifying credit applications and stealing money from customers" *id.*, at ¶144). Finally, Defendants compulsory counterclaim for unjust enrichment simply rehashes their other counterclaims.

Defendants make several allegations against Plaintiff but fail to provide any specifics. Defendants allege—upon information and belief, no less—that Plaintiff stole part of customers' down payments. This is clearly an allegation of fraudulent behavior. Moreover, Defendants specifically describe Plaintiff's alleged falsification of credit applications and stealing of money as fraudulent. *See id.*, at ¶¶116-122; ¶139, ¶144. Defendants further claim that Plaintiff provided false information on credit applications signatures but never allege when Plaintiff did so or whose credit applications she allegedly falsified. *Id.*, at ¶ 120.

In addition, even if this Court holds that Rule 9(b) does not apply to all of Defendants' compulsory counterclaims, their cursory drafting would still be fatally flawed under Rule 12(b)(6). These allegations are so sparse that they do not "nudge[] [Defendants'] claims across the line from

6

conceivable to plausible." *Twombly* 550 U.S. at 570. As such, the compulsory counterclaims must be dismissed.

### 1. Faithless Servant Doctrine

Defendants' allegations under the faithless-servant doctrine are based in fraud. As discussed above, the pleading violates Rule 9(b) in that the allegations lack the required specificity and must be dismissed. However, even if it only applied Rule 12(b)(6), this Court would still have to dismiss Defendants' faithless-servant compulsory counterclaim.

In New York, courts apply two alternative standards to the faithless servant doctrine. *Doe v. Solera Capital LLC*, 2019 U.S. Dist. LEXIS 55860, at *24 (S.D.N.Y. 2019) (quoting *Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73, 76 (2d Cir. 2010)). Under the first standard, the former employer must prove that "'the misconduct and unfaithfulness . . . substantially violates the contract of service' such that it 'permeate[s] [the employee's] service in its most material and substantial part.'" *Solera*, 2019 U.S. Dist. LEXIS 55860 at *24 (alterations in original) (citing *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 201 (2d Cir. 2003)). The alternative standard only requires "'misconduct . . . that rises to the level of a breach of a duty of loyalty or good faith.'" *Solera*, 2019 U.S. Dist. LEXIS 55860 at *24 (quoting *Phansalkar*, 344 F.3d at 202). Courts have generally found that both standards yield the same results. *Solera*, 2019 U.S. Dist. LEXIS 55860 at *25-26.

New York courts are reticent to apply the faithless servant doctrine. Discussing the real-world implications of the faithless-servant doctrine, District Judge Ramos opined:

> The faithless servant doctrine calls for "drastic" remedies. *Sanders*, 2007 U.S. Dist. LEXIS 48126, 2007 WL 1933933, at *6. An individual who has been found to violate the doctrine can be made to forfeit all of her compensation from the moment the violation began. *Phansalkar*, 344 F.3d at 208.

*Solera*, 2019 U.S. Dist. LEXIS 55860 at *28 n.6.

7

Wary of this drastic remedy, courts assess faithless-servant claims on a case-by-case basis. *Id.*, at *25. "Courts have found disloyalty not to be 'substantial' when the behavior consisted of a single act of disloyalty, as opposed to a persistent pattern, or the employer knew of and tolerated the behavior." *Id.*, at *24-25 (citing *Schwartz v. Leonard*, 138 A.D.2d 692 (2d Dep't 1988) (lawyer's single act of disloyalty—taking files from defendant's office and opening own practice—did not warrant forfeiture in absence of a "persistent pattern of disloyalty"); *Sundland v. Korfund Co.*, 260 A.D. 80 (1st Dep't 1940) (stating that evidence of an employee's theft at "frequent intervals throughout the entire period of his service" sufficient to warrant forfeiture); and *Bravin v. Fashion Week, Inc.*, 73 Misc. 2d 974 (Civ. Ct. Suffolk Cty. 1973) (no forfeiture where employer continued employing allegedly insubordinate person)).

Defendants fail to state a claim under both standards. They have not alleged any misconduct that permeated every aspect of Plaintiff's employment with them. Nor, as discussed below, have Defendants successfully pleaded that Plaintiff violated the duty of loyalty. As such, this Court must dismiss Defendants' faithless-servant compulsory counterclaim.

**2. Breach of Fiduciary Duty**

This Court must dismiss Defendants' compulsory counterclaim for breach of fiduciary duty under both Rule 9(b) and Rule 12(b)(6). Breach of fiduciary duty and unjust enrichment claims such as this one are subject to Rule 9(b) because Defendants allege that Plaintiff committed fraudulent acts. *See Sgaliordich v. Lloyd's Asset Mgmt.*, 2012 U.S. Dist. LEXIS 135045, at *15-16 (E.D.N.Y. 2012) (citing *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 288 (E.D.N.Y. 2010)) ("breach of fiduciary duty . . . and unjust enrichment must be pled with specificity when the underlying acts are allegedly fraudulent.")). Despite this, as discussed above, Defendants have not described their allegations of fraud with specificity required under Rule 9(b).

8

Defendants have failed to plead what makes Plaintiff a fiduciary. Rather, Defendants seem to have conflated this cause of action with their compulsory counterclaim under the faithless-servant doctrine, which they described as fraud. Ex. I, ¶139 In addition, Defendants describe Plaintiff's alleged misdeeds with the same language they used in their compulsory counterclaim for breach the duty of loyalty, with which it is of course intimately tied. *Compare* Ex. I, ¶128 ("Babbitt's aforesaid conduct of intentionally falsifying credit applications, forging customer's signatures, and stealing from customer's down payments constitutes a breach of the fiduciary duty owed to Koeppel") *with* Ex. I, ¶133 (Babbitt's aforesaid conduct of intentionally falsifying credit applications, forging customer's signatures, and stealing from customer's down payments constitutes a breach of the duty of loyalty owed to Koeppel").

3. **Breach of the Duty of Loyalty**

This Court must dismiss Defendants' compulsory counterclaim for breach of the duty of loyalty. Under New York law, duty-of-loyalty claims are "'limited to cases where the employee, acting as the agent of the employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'" *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 368 (S.D.N.Y. 2014) (quoting *Farricker v. Penson Dev., Inc.*, 2010 U.S. Dist. LEXIS 20918, at *6 (S.D.N.Y. 2010) (quoting *Veritas Capital Management L.L.C. v. Campbell*, 875 N.Y.S.2d 824, 824 (N.Y. Sup. Ct. 2008)).

Nothing in Defendants' compulsory counterclaims indicates that Plaintiff diverted business opportunities anywhere or accepted improper kickbacks. As such, Defendants' cause of action for breach of the duty of loyalty must be dismissed under Rule 12(b)(6). Further, as discussed above, this compulsory counterclaim's lack of specificity is fatal under Rule 9(b) given its basis in fraud.

### 4. Tortious Interference with Business Relations

Tortious interference with business relations applies "in those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant." *Morrow v. MVP Health Plan*, 307 A.D.2d 627, 628 (3d Dep't 2003) (internal quotation marks omitted); *see also Rsa Distribs. v. Contract Furniture Sales*, 248 A.D.2d 370, 371 (2d Dep't 1998) ("Tortious interference with business relations applies to those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant."). "To prevail on a claim for tortious interference with business relations in New York, a party must prove (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party." *Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 47 (1st Dep't 2009). "'Conduct constituting tortious interference with business relations is, by definition, conduct, directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship.'" *Armored Grp., L.L.C. v. Homeland Sec. Strategies, Inc.*, 2009 U.S. Dist. LEXIS 61006, at *2 (S.D.N.Y. 2009) (quoting *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 192 (2004)). *See also Learning Annex Holdings, L.L.C. v. Whitney Educ. Grp., Inc.*, 765 F. Supp. 2d 403, 412 (S.D.N.Y. 2011) (noting that no cause of action for tortious interference with business relations may survive where the defendant was "motivated by legitimate economic self-interest").

Defendants base this compulsory counterclaim on allegations of fraud, as discussed above. Consequently, this compulsory counterclaim is subject to—and fails under—Rule 9(b). However, this compulsory counterclaim also fails under Rule 12(b)(6).

10

Defendants have not alleged that Plaintiff prevented them from entering into a contract with anyone. Defendants do not allege that they had business relationships with anyone, much less with whom. They do not allege that Plaintiff knew of any business relationship or that she intentionally interfered with any business relationship. Finally, Defendants have failed to claim that Plaintiff damaged any business relationship, let alone prevented Defendants from entering into any contracts. Defendants merely make conclusory claims that Plaintiff allegedly falsified credit applications and that Plaintiff—upon information and belief—stole money from a customer.

Defendants' conclusory assertion that Plaintiff willfully interfered with Defendants' business out of malice is implausible and unsupported by factual allegations. Ex. I, ¶144. However, bare assertions that a party acted out of malice will not suffice. *See Samsung Display Co. v. Acacia Research Corp.*, 2014 U.S. Dist. LEXIS 167569, at *5 (S.D.N.Y. 2014) (dismissing tortious interference with business relations claim where complaint contained only "a threadbare recitation of the tort's third element"); *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 536 (S.D.N.Y. 2013) (dismissing tortious interference with business relations claim where plaintiffs made "conclusory" "alleg[ation] that '[defendant] acted solely out of malice in interfering with [p]laintiffs' relationships'"); *see also Semple v. Eyeblaster, Inc.*, 2009 U.S. Dist. LEXIS 76868, at *4 (S.D.N.Y. 2009) ("[I]t is well-settled that where a party acts, at least in part, in accordance with its normal economic self-interest, it cannot be found to have acted solely out of malice for the purpose of a tortious interference claim."). Hence Defendants must allege that Plaintiff's aim was to harm Defendants—and they have utterly failed to do so.

### 5. Unjust Enrichment

In New York, the elements of unjust enrichment are "'(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.'" *Betz v. Blatt*, 160 A.D.3d 696, 701 (2d Dep't

2018) (quoting *Travelsavers Enters., Inc. v. Analog Analytics, Inc.*, 149 A.D.3d 1003, 1006 (2d Dep't 2017)). In addition, unjust-enrichment actions cannot be brought where others causes of action encompass the alleged misdeeds. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).

This Court must dismiss Defendants' compulsory counterclaim for unjust enrichment both because Defendants cannot establish its elements and because it encompasses their other compulsory counterclaims. As such, Defendants fail to state a claim for unjust enrichment under Rule 12(b)(6). In addition, as discussed above, this compulsory counterclaim is based on alleged fraudulent acts supposedly committed by Plaintiff, and Defendants' cursory compulsory counterclaims do not satisfy the requirements of Rule 9(b).

### a. Defendants' unjust-enrichment compulsory counterclaim must be dismissed because it merely duplicates Defendants' other compulsory counterclaims.

Unjust-enrichment actions cannot be brought where other causes of action encompass the alleged misdeeds. As the New York Court of Appeals has held,

> unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled (*see Markwica v Davis*, 64 NY2d 38, 473 NE2d 750, 484 NYS2d 522 [1984]; *Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C.*, 15 AD3d 233, 790 NYS2d 84 [2005]. An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.

*Corsello*, 18 N.Y.3d at 790.

Here, Defendants' unjust-enrichment claim is encompassed by their other claims of breach fiduciary duty, breach of the duty of loyalty, the faithless-servant doctrine, and tortious interference with business relations. Defendants allege that Plaintiff unjustly enriched herself "[b]y

12

stealing money from down payments made by Koeppel's customers for her own personal use, and failing to make restitution." Ex. I, ¶147. This alleged misdeed provides much of the basis for Defendants' other compulsory counterclaims.

These facts are remarkably similar to those in *Corsello*, where the Court of Appeals held

> plaintiffs allege[d] that Verizon committed actionable wrongs, by trespassing on or taking their property, and by deceiving them into thinking they were not entitled to compensation. To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects.

*Corsello*, 18 N.Y.3d at 791. As such, this Court must dismiss Defendants' compulsory counterclaim for unjust enrichment.

### b. Defendants cannot establish the elements of unjust enrichment.

This Court must dismiss Defendants' compulsory counterclaim for unjust enrichment because Defendants fail to establish its elements. Most glaringly, Defendants do not explain how Plaintiff was enriched, how this harmed Defendants, or what would be so unconscionable about allowing Plaintiff to retain her earnings. Defendants have not indicated how any supposed fraudulent credit applications benefited Plaintiff or harmed Defendants. Indeed, their compulsory counterclaims suggest that Defendants would have benefited from Plaintiff's alleged behavior of which they untimely complain. In addition, Defendants cannot establish that an undetermined, or even speculative, sum must be returned to Defendants in the name of equity and good conscience.

Indeed, Defendants have not even alleged an amount they seek in damages. As such, this Court must dismiss Defendants' compulsory counterclaim for unjust enrichment.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court dismiss Defendants' compulsory counterclaims.

Dated: New York, New York
August 9, 2019

By: /s/ H. Joseph Cronen

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

H. Joseph Cronen
Steven Fingerhut
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
jcronen@tpglaws.com
sfingerhut@tpglaws.com